UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20205-CIV-MORENO

YUZE JIANG,

      Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR MOOTNESS AND PLACING MATTER IN CIVIL SUSPENSE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Mootness (**D.E. 11**), filed on **March 23, 2020**. THE COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

On January 16, 2020, Plaintiff filed a complaint against the United States Citizenship and Immigration Services ("USCIS") for failing to address his application for employment authorization, application for a travel/advance parole document, and application for adjustment of status to become a permanent resident, all pending for around four years. USCIS filed a motion to dismiss for mootness, explaining and attaching exhibits showing that the first two applications for employment and travel authorization have already been approved. Plaintiff has not responded.

Reviewing the record, and finding that the applications have in fact been approved, the Court finds that Plaintiff's claims concerning these applications are moot. "[I]t is well settled that federal courts may act only in the context of a justiciable case or controversy." *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (alteration in original)

(quoting *Benton v. Maryland*, 395 U.S. 784, 788 (1969)). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cty. Aviation Auth.*, 162 F.3d 627, 628 (11th Cir. 1998). Here, two of the receipt numbers Plaintiff lists in his complaint, MSC1991199424 and MSC1991199425, belong to a Form I-765 application, which is for work authorization, and a Form I-131 application, which is for a travel/advance parole document.

Since USCIS has already approved these applications, any claims arising from their prior lack of approval are now moot and thus dismissed. *See Gray v. Sec'y for Dep't of Homeland Sec.*, 452 F. App'x 873, 875 (11th Cir. 2011) (holding in an analogous scenario that "since Gray appealed, USCIS has once again reviewed Gray's naturalization application and issued a new decision. Because USCIS's actions have provided Gray the relief he sought in his lawsuit, his appeal from the district court's denial of his motion for an order to show cause and his motion for injunctive relief is moot."); *Maduabuchukwu v. Mayorkas*, No. 1:11-CV-2434-TWT, 2011 WL 5514002, at *1 (N.D. Ga. Nov. 9, 2011) ("Here, Maduabuchukwu seeks to compel USCIS to adjudicate his I-485 application. The Defendants, however, have already approved [the] application. For this reason, the Plaintiff's claim is moot." (citation omitted)).

As for the application for adjustment of status (Form I-485), USCIS argues that that application (receipt number MSC1591444978) was purposefully delayed to first allow adjudication of Plaintiff's other petitions that he does not disclose in his complaint: four Violence Against Women Act ("VAWA") self-petitions (Form I-360) seeking to be classified as the spouse of an abusive United States citizen, and one petition for alien relative (Form I-130) filed on his behalf by his spouse. In a declaration, William Skerrett, who is the section chief of the Vermont Service Center handling VAWA self-petitions, explains that if approved, VAWA self-petitioners

may seek to adjust their status to become permanent residents. He also writes that "[i]n order to effectuate VAWA's purposes and goals . . . when the beneficiary of a pending Form I-130 spousal petition files a VAWA self-petition, it is the policy of the USCIS to suspend processing of the Form I-130 and transfer the file for adjudication of the VAWA-based Form I-360." Skerrett also states that the estimated processing time for VAWA self-petitions is "19 to 24.5 months," and notes that Plaintiff's self-petitions have only been pending, at most, for 17.5 months.

Relying on Skerrett's declaration, USCIS now seeks either a dismissal of this case (as the VAWA self-petitions have not been pending for an unreasonable amount of time and thus, neither has the Form I-485) or a stay of the case for 180 days for USCIS to adjudicate Plaintiff's VAWA self-petitions. Because Plaintiff does not object or respond to the relief requested by USCIS in its motion to dismiss, the Court will elect the latter option and stay the case for USCIS to adjudicate his pending VAWA self-petitions. *See* Local Rule 7.1(c). Once USCIS does, it must take the necessary steps thereafter described in the Skerrett declaration and continue processing the Form I-130 filed on Plaintiff's behalf by his spouse, as well as Form I-485.

Accordingly, based on the foregoing, it is

**ADJUDGED** that

I. The Clerk of this Court shall mark this cause as CLOSED for statistical purposes and place the matter in a civil suspense file.

II. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

III. This order shall not prejudice the rights of the parties to this litigation.

IV. Plaintiff SHALL notify the Court by August 31, 2020, and every ninety days

thereafter, of the current status of the proceedings and when this action is ready to proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this  1st  of May 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Yuze Jiang
17191 N.W. 18th Ave
Miami Gardens, FL 33056
PRO SE